UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Aaron Ben Northrop,

       Plaintiff,              Case No. 3:02-CV-00875(AWT)

       V.

Elton Williams,

Richard Cramer,             October 21, 2003

       Defendants,

PLAINTIFF'S OBJECTION TO THE DEFENDANT
ELTON WILLIAMS' MOTION FOR AN EXTENSION OF TIME

Plaintiff Aaron Ben Northrop, pro se, respectfully submits this objection to the defendant Elton Williams' motion for an extension of time. In support of this objection, the plaintiff represents the following:

1. On June 18, 2002, the plaintiff initiated the instant action by filing his first amended complaint with the court.

2. On August 13, 2002, the United States Marshals served the defendants with a copy of the summons and the plaintiff's first amended complaint.

3. On October 3, 2002, the plaintiff sent both defendants a copy of the superseeding indictment, a copy of the March 11, 1993, Rule 11 plea hearing transcripts, and other evidence to support the claims alleged in the plaintiff's complaint.

1

4. On November 7, 2002, defendant Elton Williams filed two motions to dismiss the complaint, and both motions were adopted by defendant Richard Cramer.

5. The plaintiff responded by amending the complaint twice in order to cure the deficiencies alleged by the defendants in their motions to dismiss. The defendants received a copy of the third amended complaint on May 12, 2003.

6. On July 11, 2003, the court granted the plaintiff's motion for leave to file his third amended complaint.

7. On August 28, 2003, the defendants filed a motion for a thirty day extension of time to respond to the plaintiff's third amended complaint. This motion was granted on September 17, 2003.

8. On September 25, 2003, the defendants filed a another motion seeking an additional twenty days to respond to the complaint.

9. On October 6, 2003, the plaintiff submitted a response to the motion in which the plaintiff did not oppose the extension, but objected to any future extensions of time.

10. By motion dated October 16, 2003, the defendant Elton Williams is requesting an additional thirty days to respond to the complaint.

<u>GROUNDS FOR THE OBJECTION</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides recommended time periods in which to respond to amended pleadings. It states in relevant part: "A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

2

The court granted the plaintiff permission to file his third amended complaint on July 11, 2003. Therefore, according to Rule 15(a), the defendants were required to file a response by July 21, 2003.

On August 20, 2003, the plaintiff was compelled to serve a default notice on the defendants. The defendants responded by filing a motion for a thirty day extension of time which the court granted. It should be noted that the plaintiff was afforded no opportunity to respond to this motion.

Then, on September 25, 2003, the defendants filed a second motion seeking an additional twenty days to respond to the complaint. The plaintiff did not object to the motion, but did object to any future extensions of time. The court granted the defendants second motion for an extension.

In this third motion, the Mr. Williams argues that he needs an extension of time because "the plaintiff references the underlying criminal proceedings without attaching relevant documents on which he heavily relies;" and because he needs time to obtain the underlying criminal court file. However, the defendant has not been forthcoming, and the motion is nothing more than a delay tactic. The defendant received the "relevant documents" on October 3, 2002, when the plaintiff sent a copy of the indictment and Rule 11 plea hearing transcripts to the defendants. In addition, the suit has been pending for over a year and a half and the defendant waited until September 25, 2003, to obtain the underlying criminal file. The defendant should not be permitted to delay the proceedings any longer.

Moreover, any additional delay will prejudice the plaintiff.

## RELIEF

Wherefore the plaintiff requests that the court deny the defendant's motion for an extension of time and issue an order directing the defendant to immediately respond to the plaintiff's third amended complaint or be found in default.

Respectfully submitted,

_Aaron Northrop_
Aaron Northrop
Reg. No: 61713-080
Lompoc U.S. Penitentiary
3901 Klein Boulevard
Lompoc, CA 93436

4

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this objection to the defendant's third motion for an extension of time to respond to the complaint, was mailed, postage prepaid, to the defendant Elton Williams at Updike, Kelly and Spellacy, P.C., One Century Tower, 265 Church Street, New Haven, Connecticut, 06510-7002, on this 21 day of October, 2003.

*Aaron Northrop*
Reg. No: 61713-080
Lompoc U.S. Penitentiary
3901 Klein Boulevard
Lompoc, CA 93436

5