UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

| | |
|---|---|
| AARON BEN NORTHROP, ) | CIVIL ACTION 875 |
| ) | NO. 3:02 CV 0181 (AWT) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ELTON WILLIAMS, and RICHARD CRAMER, ) | |
| ) | |
| Defendants. ) | NOVEMBER 18, 2003 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

The gravamen of the plaintiff's present lawsuit is that the defendant, Attorney Elton Williams (hereinafter "defendant Williams"), allegedly provided incompetent legal services to him as his court-appointed defense lawyer in connection with his federal prosecution for multiple felony narcotics violations. Specifically, he claims that defendant Williams failed to provide him with adequate information upon which to base his decision to enter a plea of guilty and, as such, induced him to involuntarily plead guilty to engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848, for which he "may have no remedy to secure his release from prison."

However, the plaintiff is collaterally estopped from relitigating in the present action both the reasonableness of defendant Williams' legal services and the voluntariness of his guilty plea, because the United States District Court for the District of Connecticut actually and necessarily determined

343793

those issues in its prior decision denying his Motion for Habeas Corpus, pursuant to 28 U.S.C. § 2255. In that Motion, as here, the plaintiff challenged both the effectiveness of defendant Williams' counsel and the voluntariness of his guilty plea. Upon a review of the entire record, particularly the transcript of the plea hearing, the District Court concluded that defendant Williams' representation had been "admirable and competent" and that the plaintiff's claim that his plea was ill informed and, accordingly, involuntary, was "wholly incredible."

In the present action, the plaintiff attempts to challenge his conviction and sentence once more, by again contesting the effectiveness of his defense counsel and the voluntariness of his plea. However, because the habeas court actually determined both issues, because its decision was necessary to its judgment denying the plaintiff habeas relief and because that judgment was final, the plaintiff has failed to raise a genuine issue of material fact in the present action. Accordingly, defendant Williams is entitled to summary judgment in his favor on the plaintiff's Third Amended Complaint.

## FACTUAL BACKGROUND

On March 11, 1993, three days into a federal criminal trial in which the Government presented twenty-five witnesses and offered approximately 280 pounds of marijuana into evidence, the plaintiff, Aaron Ben Northrop (hereinafter "the plaintiff"), opted to abandon his trial and change his plea to guilty. Third Amended Complaint, Statement of the Facts, ¶ 16; Northrop v. United States of America, 1998 U.S. Dist. LEXIS 677, *1 (Conn. 1998) (attached as Exhibit A). He pleaded guilty to: conspiracy to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; making and possessing a bomb, in

violation of 26 U.S.C. §§ 5861(c) and (f); and using interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958. Third Amended Complaint, Statement of the Facts ¶¶ 10, 16; Northrop, 1998 U.S. Dist. LEXIS 677 at *1. On October 25, 1993, he was sentenced to 50 years incarceration on the continuing criminal enterprise count, 10 years incarceration on each of the other counts, to run concurrently with the 50-years sentence, three years of supervised release and a special assessment of $250. Northrop, 1998 U.S. Dist. LEXIS 677 at *2. Following the entry of his judgment of conviction by guilty plea and sentence, the plaintiff began what has extended into ten-year effort to invalidate his plea and obtain a new jury trial via numerous direct and collateral attacks, each of which has been systematically denied, dismissed or otherwise unsuccessful. Third Amended Complaint, Statement of the Facts, ¶¶ 20, 23-26; Northrop, 1998 U.S. Dist. LEXIS 677 at *2.

On November 1, 1994, on direct appeal, the United States Second Circuit Court of Appeals affirmed both the judgment of conviction and the sentence without decision. United States v. Northrop, 40 F.3d 1238 (2d Cir. 1994)(attached as Exhibit B). Thereafter, in April, 1997, the plaintiff filed a habeas petition in the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. § 2255, moving to vacate, set aside or correct his sentence and for inspection of grand jury lists. Northrop, 1998 U.S. Dist. LEXIS 677 at *2 n.1. In support of his petition, the plaintiff claimed, inter alia, that his guilty plea was ill informed and, accordingly, involuntarily induced and that his court-appointed defense lawyers in the criminal prosecution, the defendants herein, Attorney Richard Cramer (hereinafter "defendant Cramer") and Attorney Elton Williams (hereinafter "defendant Williams"), had rendered ineffective assistance. Id., at *5. Although the

District Court was not required to address the plaintiff's claims on their merits because he had failed to raise those claims in his direct appeal, the District Court elected to address the claims "in the interest of judicial economy." Id., at *5 n.2

With respect to the plaintiff's claim that his plea of guilty was involuntary, the District Court reviewed the record and, particularly, the plea canvas, for "some credible evidence to support his claims of duress." Id., at *8-*9. The District Court found no such evidence. Specifically, the District Court determined:

> [T]he record shows that the court was extremely thorough in its plea canvas. [The plaintiff] was asked numerous questions concerning, inter alia, his desire to plead guilty, his awareness of his rights to present evidence and cross-examine witnesses, <u>his awareness of the charges against him, and whether he had the opportunity to discuss fully those charges with his lawyers</u>.

Id., at *9 (emphasis added). The District Court further noted that:

> [The plaintiff] entered into the guilty plea after sitting through four days of trial during which the government presented twenty-five witness, including one witness who identified him as the head of a marijuana distribution enterprise and the builder of a bomb to be used in a murder-for-hire plot. <u>There can be no question that [the plaintiff] understood the nature of the charges and the evidence against him</u>.

Id., at *9-*10 (emphasis added). Accordingly, the District Court concluded that the plaintiff's contentions that his plea was involuntary were "wholly incredible." Id., at *9.

Moreover, with respect to the plaintiff's claim that he had suffered ineffective assistance of counsel, the District Court determined that:

> [The plaintiff's] statements during his guilty plea and his presence in court for four days of the government's case <u>strongly undermines his claim that his lawyers failed to provide him with adequate information on which to base his decision to plead guilty</u>.

Id., at 12 (emphasis added). The District Court noted that the plaintiff had failed to show that defendant Williams' representation "fell below an objective standard of reasonableness," or even "a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty." Id., at *11 (internal quotation marks omitted). To the contrary, upon review of the record, the District Court specifically concluded that defendant Williams "did an admirable and competent job" on the plaintiff's behalf. Id., at *12. He "carefully investigated the case . . . filed numerous pre-trial motions . . . thoroughly cross-examined government witnesses and timely objected to questions asked and to evidence introduced by the Government." Id. Accordingly, the District Court concluded that the plaintiff's claims of ineffective assistance of counsel and involuntary plea were without merit and denied the plaintiff's § 2255 Motion without issuance of a certificate of appealability. Id., at *21.

Following unsuccessful attempts to appeal the District Court's denial of his § 2255 Motion and to otherwise collaterally attack his underlying conviction and sentence, the plaintiff filed the present action, pro se, on June 29, 2002, approximately nine years subsequent to the entry of his judgment of conviction and sentence. First Amended Complaint; Third Amended Complaint, Statement of the Facts, 23-24. The gravamen of the plaintiff's final, Third Amended Complaint, dated May 12, 2003, against defendant Williams is that defendant Williams failed to provide competent legal services as his court-appointed defense counsel in the underlying criminal proceedings. Id., Cause of the Action, 32-38. Specifically, as in his § 2255 Motion, he claims that defendant Williams' allegedly substandard representation caused him to be ill informed about the nature of the charges brought against him and, accordingly, to involuntarily plead guilty to the continuing criminal enterprise count, for which he "may have no remedy to secure his release from

prison." Id., Statement of the Facts ¶¶ 11-14, Cause of the Action, ¶ 34, Conclusion, ¶ 40. Although difficult to decipher, his particular dispute with the continuing criminal enterprise count appears to be that the count was not supported by three felony drug violations in violation of Title 21 of the United States Code, which he claims are necessary predicate offenses of a continuing criminal enterprise charge. Id. Had he known the continuing criminal enterprise count was not sufficiently supported, he claims, he would not have entered a guilty plea to that count. Id.

The plaintiff appears to set forth numerous additional allegations and causes of action, all of which are variations or expansions upon his central allegations of defendant Williams' incompetence and his resulting involuntary plea. Specifically, he claims that defendant Williams' "first duty of loyalty" was to the government, in breach of his fiduciary duty to the plaintiff, because he was appointed by the court and financially compensated by the government. Third Amended Complaint, Cause of the Action, ¶¶ 28-30. Additionally, he claims that defendant Williams "deliberately withheld evidence from the plaintiff, such as 18 audio cassette tapes, police report, and witness testimony," and "refused to locate and interview key witnesses for the defense, such as defense witness Carl Lipp and Greg Musco." Id., Statement of the Facts, ¶ 15, Cause of the Action, ¶ 36. Furthermore, he claims that defendant Williams contracted with him to provide competent legal services, but failed to do so "in breach of the attorney-client contract." Third Amended Complaint, Cause of the Action, ¶¶ 27, 35-37. Finally, he alleges that the defendant Williams knew that the continuing criminal enterprise charge was not supported by the allegedly necessary predicate offenses but that, "with knowledge of the law, and with the intent of defrauding the plaintiff of his rights under the 5th and 6th Amendments of the United States Constitution, [he] induced the plaintiff into entering

into a plea agreement with the government." Id., Statement of the Facts, ¶ 14. In connection with these allegations, the plaintiff seeks monetary damages in the amount of $20,000,000 each from defendant Williams and defendant Cramer, and a trial by jury. Id., Relief, Demand for a Trial by the Jury.

## ARGUMENT

### I. STANDARD FOR SUMMARY JUDGMENT UNDER RULE 56

Summary judgment should be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the nonmoving party's case or metaphysical doubt as to the material facts will not prohibit summary judgment, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted), and "[i]rrelevant or unnecessary factual disputes will not be considered." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The substantive law governing the case identifies those facts that are material on a motion for summary judgment, Anderson, 477 U.S. at 248, and Rule 56 mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In effect, the purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims before the resources of the parties and the court have been wasted on a costly and lengthy trial. Celotex, 477 U.S. at 323-24; Knight v. U.S. Fire Ins. Co., 804 F.2d 9 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987).

343793                                                  - 7 -

In the present case, the plaintiff's predicate allegations -- that the defendant Williams rendered incompetent legal services and, as a result, that his guilty plea was involuntary -- were actually and necessarily determined meritless, for the express purpose of preserving judicial economy, in the District Court's valid and final judgment denying the plaintiff's prior § 2255 Motion. Northrop, 1998 U.S. Dist. LEXIS 677 at *5 n.2, *8-*13, *21. Accordingly, the plaintiff is barred by the doctrine of collateral estoppel from relitigating those claims herein. See Purdy v. Zeldes et al., 337 F.3d 253 (2d Cir. 2003); Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288 (2d Cir. 2002); Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 40-43 (2d Cir. 1986). See also Hogan v. Cunniff, 1982 U.S. Dist. LEXIS 16470, *5 (Ill. 1982) (discussing collateral estoppel effect of prior habeas proceeding under 28 U.S.C. § 2255) (attached as Exhibit C). Absent those allegations, the plaintiff has failed to raise any genuine issue of material fact and defendant Williams is entitled to summary judgment as a matter of law.

## II. THE PLAINTIFF'S THIRD AMENDED COMPLAINT IS BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL

"The doctrine of collateral estoppel prevents a plaintiff from relitigating in a subsequent proceeding an issue of fact or law that was fully and fairly litigated in a prior proceeding." Purdy, 337 F.3d at 258; Marvel Characters, 310 F.3d at 288. "It is well-established that federal law on collateral estoppel applies to determine the preclusive effect of a prior federal judgment." Purdy, 337 F.3d at 258 n.5; Gelb, 798 F.2d at 42. Under federal law, collateral estoppel applies when: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the

resolution of the issue was necessary to support a valid and final judgment on the merits." Interoceanica Corp. v. Sound Pilots, Inc., 107 f.3d 86, 91 (2d Cir. 1997); Gelb, 798 F.2d at 44.

In the present case, the gravamen of the plaintiff's Third Amended Complaint is that defendant Williams knowingly failed to apprise him of the components of a valid continuing criminal enterprise charge and that, had he been so apprised, he would not have pleaded guilty to the government's continuing criminal enterprise count set forth against him. Third Amended Complaint, Statement of the Facts ¶¶ 11-14, Cause of the Action, ¶ 34. However, upon its review of the entire record, the District Court actually determined on the merits of the plaintiff's § 2255 Motion that defendant Williams provided "admirable and competent" representation and that the plaintiff's claim that his plea was "induced" by a lack of "adequate information on which to base his decision to plead guilty" was "wholly incredible." Northrop, 1998 U.S. Dist. LEXIS 677, at *9, *12. That determination was necessary to the District Court's valid and final judgment denying the plaintiff habeas relief. Id., at *21. Accordingly, the issues raised in the plaintiff's Third Amended Complaint were fully and fairly litigated and actually and necessarily determined in connection with the District Court's decision denying the plaintiff's § 2255 habeas petition, and the plaintiff's Third Amended Complaint is barred by the doctrine of collateral estoppel. See Northrop, 1998 U.S. Dist. LEXIS 677 at *5 n.2, *8-*13, *21; Purdy, 337 F.3d at 257; Gelb, 798 F.2d at 44.

### A. THE PLAINTIFF'S CLAIM OF INVOLUNTARY PLEA IS BARRED BY THE HABEAS COURT'S FINAL JUDGMENT TO THE CONTRARY

The plaintiff claims that his plea of guilty was based on inadequate information about the nature of the continuing criminal enterprise charge set forth against him and, as a result, involuntary.

Third Amended Complaint, Statement of the Facts ¶¶ 11-14, Cause of the Action, ¶ 34. Specifically, he claims that defendant Williams failed to appraise him of the predicate offenses allegedly necessary to prove a continuing criminal enterprise charge and that, had he been so appraised, he would not have pleaded guilty to the continuing criminal enterprise count that the government set forth against him. Id. However, because the District Court actually decided the issue of the voluntariness of the plaintiff's plea, because its decision was necessary to its judgment denying the plaintiff habeas relief and because its judgment was final, the plaintiff is collaterally estopped from relitigating the same issue in the present action. See Northrop, 1998 U.S. Dist. LEXIS 677 at *5 n.2, *8-*13, *21; Purdy, 337 F.3d at 257; Gelb, 798 F.2d at 44.

In his § 2255 Motion, the plaintiff claimed that his lawyers failed to provide him with adequate information upon which to base his decision to plead guilty and that, accordingly, his plea of guilty was "induced." Northrop, 1998 U.S. Dist. LEXIS 677 at *9-*10. Upon review of the entire record, however, the District Court concluded that "[t]here can be no question that [the plaintiff] understood the nature of the charges and the evidence against him." Id., at *10. The District Court determined that "the court was extremely thorough in its plea canvas," and that in the process of the canvas, the plaintiff attested that he desired to plead guilty, that he was aware of the charges against him and that he been given the opportunity to discuss those charges fully with his lawyers. Id., at *9. The District Court also noted that the plaintiff had chosen to change his plea to guilty after sitting through four days of his criminal trial, during which the government presented twenty-five witnesses connecting him as the head of a marijuana distribution enterprise and a scheme to build a bomb for use in a murder-for-hire plot. Id., at *8-*9. Based on the sum of these facts, each apparent on the

face of the record, the District Court concluded that the plaintiff's claim that "his lawyers failed to provide him with adequate information on which to base his decision to plead guilty" was "wholly incredible." Id., at *9, *12.

In the present action, the plaintiff offers nothing new to supplement the record already reviewed by the habeas court in support of his claim, in this Court, that his plea involuntary. As a result, this Court's review of the same record upon which the habeas court based its decision would entail a second determination based on the evidence of whether the plaintiff was aware of the nature of the charges to which he chose, after four days of trial, to plead guilty. This is exactly this type of duplicative litigation that the doctrine of collateral estoppel is meant to foreclose. Purdy, 337 F.3d at 260; Gelb, 798 F.2d at 40. The plaintiff's claim in the present case -- that he was insufficiently apprised by defendant Williams of the nature of the continuing criminal enterprise count set forth against him -- was fully and fairly litigated in the habeas court, was actually determined by that court and was necessary to that court's final judgment denying the plaintiff habeas relief. Northrop, 1998 U.S. Dist. LEXIS 677, at *8-*13, *21. Therefore, the plaintiff is barred by the doctrine of collateral estoppel from relitigating the final judgment of the habeas court in the present case. Purdy, 337 F.3d at 260; Gelb, 798 F.2d at 40.

**B.  THE PLAINTIFF'S CLAIM OF INCOMPETENT REPRESENTATION IS BARRED BY THE HABEAS COURT'S DECISION TO THE CONTRARY**

The plaintiff's claim that defendant Williams rendered substandard legal services is similarly barred by the collateral estoppel effect of the District Court's decision denying the plaintiff's § 2255 habeas petition. Northrop, 1998 U.S. Dist. LEXIS 677, *10-*13; Purdy, 337 F.3d at 258-59. It is

well-established that in order to prevail upon a claim of legal malpractice, the plaintiff must be able to demonstrate not only that defendant Williams' conduct fell below the applicable standard of care, but also, that but for defendant Williams' alleged conduct he would have not have entered a plea of guilty. Davis v. Margolis, 215 Conn. 408, 415 (1990). In the present case, the plaintiff claims that defendant Williams failed to provide him with adequate information regarding the government's continuing criminal enterprise count, which, in turn, caused him to plead guilty. Third Amended Complaint, Statement of the Facts ¶¶ 11-14, Cause of the Action, ¶ 34. However, because the plaintiff is collaterally estopped from relitigating the voluntariness of his plea, the final judgment of the habeas court concluding that his plea was voluntary renders him unable to demonstrate that defendant Williams was the proximate cause his guilty plea. Northrop, 1998 U.S. Dist. LEXIS 677, at *8-*13, *21; Purdy, 337 F.3d at 260; Gelb, 798 F.2d at 40; Davis, 215 Conn. at 415. Rather, the plaintiff's plea, as a matter of law, was voluntary and, as such, he is unable to raise any genuine of material fact regarding defendant Williams' alleged failure to apprise him of the nature of the charges to which his chose to plead guilty. Id.

Moreover, the plaintiff's subsidiary claims that defendant Williams failed to locate and interview key witnesses, withheld evidence from him and failed to disclose that his position as court-appointed counsel allegedly interfered with his fiduciary duty to the plaintiff are similarly barred by the habeas court's conclusion that the record "strongly undermines" any reasonable probability that, but for defendant Williams' conduct, the plaintiff would have insisted on going to trial rather than entering a guilty plea. Northrop, 1998 U.S. Dist. LEXIS 677, at *12; Third Amended Complaint, Statement of the Facts, ¶¶ 14, 15, Cause of the Action, ¶¶ 27-30, 35-37. In evaluating the plaintiff's

claim of ineffective assistance of counsel, the District Court applied the two-pronged test announced by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Northrop, 1998 U.S. Dist. LEXIS 677, at *10-*11. The Strickland test requires that the plaintiff prove that defendant Williams made errors so serious that his representation fell below an objective standard of reasonableness, as well as a reasonable probability that, but for those errors, the plaintiff would not have pleaded guilty and, instead, would have insisted on going to trial. Strickland v. Washington, 466 U.S. 668 (1984).

In concluding that the plaintiff had failed to establish a claim of ineffective assistance, the District Court determined not only that defendant Williams' conduct was objectively reasonable -- that he "carefully investigated the case," "filed numerous pre-trial motions," "thoroughly cross-examined government witnesses" and "timely objected to questions asked and to evidence introduced" – but also, that the record renders "wholly incredible" the plaintiff's claim that defendant Williams failed to provide the plaintiff with adequate information and, as such, was the "but for" cause of the plaintiff's decision to plead guilty. Northrop, 1998 U.S. Dist. LEXIS 677, at *9, *12. The District Court concluded that, to the contrary, the record indicates that defendant Williams "did an admirable and competent job on [the plaintiff's] behalf." Id., at *12.

Accordingly, the gravamen of the plaintiff's claim in the present case -- that defendant Williams' alleged failure to adequately apprise him of the nature of the continuing criminal enterprise count set forth against him caused him to enter an involuntary guilty plea -- was fully and fairly litigated in the habeas court, was actually determined by that court and was necessary to its final decision denying the plaintiff habeas relief, in part, on the basis that the record demonstrated that the

343793

- 13 -

plaintiff's plea was knowing and voluntary due to the "admirable and competent" representation of defendant Williams. Northrop, 1998 U.S. Dist. LEXIS 677, at *8-*13, *21; Third Amended Complaint, Statement of the Facts ¶¶ 11-14, Cause of the Action, ¶ 34. The plaintiff offers nothing new to supplement the record in this, his most recent attempt, to challenge his conviction and sentence. The habeas court elected to review, and deny, the plaintiff's claims for habeas relief on their merits specifically "in the interest of judicial economy," and the doctrine of collateral estoppel forecloses the present, duplicative litigation. Northrop, 1998 U.S. Dist. LEXIS 677, at *5 n.2, *8-*13, *21; see Purdy, 337 F.3d at 260; Gelb, 798 F.2d at 40. Therefore, the plaintiff's Third Amended Complaint fails to raise a genuine issue of material fact and defendant Williams is entitled, as a matter of law, to summary judgment. Fed. R. Civ. P. 56 (c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. at 322.

## CONCLUSION

For the foregoing reasons, defendant Attorney Elton Williams respectfully requests that his Motion for Summary Judgment be granted.

Respectfully submitted,

DEFENDANT,
ELTON WILLIAMS

By: _____
CHRISTOPHER L. BRIGHAM, ESQ.
Federal Bar No. ct19902
KARA S. SUFFREDINI, ESQ.
Federal Bar No. ct25147
Updike, Kelly & Spellacy, P.C.
265 Church Street, 10th Floor
New Haven, CT 06510
Telephone:   (203) 786-8300
Facsimile:   (203) 772-2037
Emails:      cbrigham@uks.com
             ksuffredini@uks.com