FILED

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

AARON BEN NORTHROP, Defendant  :

vs.  :  No. 3:02CV875 (AWT)

ELTON WILLIAMS and
RICHARD CRAMER  :  NOVEMBER 24, 2003

## DEFENDANT RICHARD CRAMER'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant, Attorney Richard Cramer (hereinafter "defendant Cramer"), respectfully moves for summary judgment in his favor on the Third Amended Complaint of the plaintiff, Aaron Ben Northrop, dated May 12, 2003, because the plaintiff's claims are barred by the doctrine of collateral estoppel.

The present lawsuit arises out federal criminal proceedings in which the plaintiff pleaded guilty to several felony narcotics violations pursuant to the alleged advice of defendant Cramer, one his then court-appointed defense lawyers. The gravamen of the plaintiff's Third Amended Complaint is that, due to the alleged substandard representation of defendant Cramer, his plea was uninformed and, accordingly, involuntary. However, these issues were actually and necessarily determined by the prior decision of the United States District Court denying his Motion for Habeas Corpus, pursuant to 28 U.S.C. § 2255 and, accordingly, the plaintiff is collaterally estopped from relitigating these issues in the present action.

Following his entry of a guilty plea, a judgment of conviction and sentencing, the plaintiff challenged the judgment and his sentence on direct appeal to the United States Court of Appeal

for the Second Circuit. Both were affirmed. Thereafter, he filed a § 2255 Motion for Habeas Corpus in the Unites States District Court for the District of Connecticut, which was denied without the issuance of a certificate of appealability. Specifically, in response to the plaintiff's claim of ineffective assistance of counsel, the District Court stated that the plaintiff had "two experienced criminal trial lawyers . . . [who] did an admirable and competent job on [the plantiff's] behalf." Likewise, in response to the plaintiff's claim that his plea was involuntary, the District Court reviewed the transcript of the plea hearing and found that the transcript "strongly undermines [the plaintiff's] claim that his lawyers failed to provide him with adequate information on which to base his decision to plead guilty." Accordingly, the habeas court decided both the issue of the reasonableness of defendant Cramer's representation and the voluntariness of the defendant's guilty plea, those decisions were necessary to its judgment denying the plaintiff habeas relief and its judgment was final. Therefore, the plaintiff is barred by the doctrine of collateral estoppel from relitigating those issues in the present action and, as such, the plaintiff has failed to raise a genuine issue of material fact. Accordingly, as a matter of law, defendant Cramer is entitled to summary judgment in his favor on the plaintiff's Third Amended Complaint.

    Therefore, for the foregoing reasons and as is more fully set forth in the attached memorandum of law, defendant Cramer respectfully requests that summary judgment be entered in his favor on the plaintiff's Third Amended Complaint.

Respectfully submitted,

DEFENDANT, RICHARD CRAMER

By: _____
Richard Cramer
449 Silas Deane Highway
Wethersfield, CT 06109
Tel. (860) 257-3500
Federal Bar No. ct00016
Email: cramer @ snet.net

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed this 24th day of November 2003 to:

Aaron Ben Northrop
#61713-080
Lompoc U. S. Penitentiary
3901 Klein Boulevard
Lompoc, CA 93436

Christopher L. Brigham, Eq.
Updike Kelly & Spellacy, PC
265 Church Street, 10th Floor
New Haven, CT 06510

                                    Richard S. Cramer