FILED

UNITED STATES DISTRICT COURT    2003 NOV 24  P 3: 14

DISTRICT OF CONNECTICUT    US DISTRICT COURT
                            HARTFORD CT

| | |
|---|---|
| AARON BEN NORTHROP,<br>Plaintiff | : |
| vs. | :  NO. 3:02CV875 (AWT) |
| ELTON WILLIAMS and<br>RICHARD CRAMER, Defendants | :  NOVEMBER 24, 2003 |

### LOCAL RULE 56(a)1 STATEMENT
### IN SUPPORT OF DEFENDANT RICHARD CRAMER'S
### MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(a)1 of the Local Rules of Civil Procedure, the defendant, Attorney Richard Cramer (hereinafter "defendant Cramer"), respectfully offers the following Statement of Undisputed Material Facts in support of his Motion for Summary Judgment.

1. The defendant Cramer provided legal services to the plaintiff in connection with the federal prosecution of the plaintiff for multiple felony violations. Third Amended Complaint, Statement of the Facts, ¶¶ 4, 10.

2. In connection with that federal prosecution, the plaintiff was charged with: conspiracy to possess with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; making and possessing a destructive device, in violation of 26 U.S.C. § 5861(c) & (f); and two counts of using interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958.

Third Amended Complaint, Statement of the Facts, ¶¶ 10-11.

3.   On March 11, 1993, the plaintiff pleaded guilty to: conspiracy to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; making and possessing a bomb, in violation of 26 U.S.C. §§ 5861(c) and (f); and using interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958. Third Amended Complaint, Statement of the Facts ¶¶ 10, 16.

4.   On November 1, 1994, on direct appeal, the United States Second Circuit Court of Appeals affirmed both the plaintiff's judgment of conviction and the sentence without decision. Third Amended Complaint, Statement of the Facts, ¶ 20; United States v. Northrop, 40 F.3d 1238 (2d Cir. 1994).

5.   In April, 1997, the plaintiff filed a habeas petition in the United States District Court for the District of Connecticut (hereinafter "the habeas court"), pursuant to 28 U.S.C. § 2255, moving to vacate, set aside or correct his sentence and for inspection of grand jury lists. Third Amended Complaint, Statement of the Facts, ¶ 20, 23; Northrop v. United States of America, 1998 U.S. Dist. LEXIS 677 at *2 n.1 (Conn. 1998).

6.   On January 14, 1998, the habeas court denied the plaintiff's habeas petition in a published decision. Northrop, 1998 U.S. Dist. LEXIS 677 at *21.

7.   In that decision, the habeas court noted that the plaintiff had changed his plea to guilty after three days of the federal criminal trial, during which the Government presented

twenty-five witnesses and offered approximately 280 pounds of marijuana into evidence. Northrop, 1998 U.S. Dist. LEXIS 677 at *1.

8. The habeas court also noted that on October 25, 1993, the plaintiff was sentenced to 50 years incarceration on the continuing criminal enterprise count, 10 years incarceration on each of the other counts, to run concurrently with the 50-years sentence, three years of supervised release and a special assessment of $250. Northrop, 1998 U.S. Dist. LEXIS 677 at *2.

9. The habeas court also noted that, in support of his petition, the plaintiff claimed, inter alia, that his guilty plea was involuntary and that the defendant Cramer had rendered ineffective assistance. Northrop, 1998 U.S. Dist. LEXIS 677 at *5.

10. The habeas court also noted that the plaintiff claimed that his guilty plea was involuntary because the defendant Cramer had not adequately advised him of the nature of the charges set forth against him. Northrop, 1998 U.S. Dist. LEXIS 677 at *5.

11. The habeas court also noted that the plaintiff claimed that the defendant Cramer had rendered ineffective assistance because he had not advised him of the nature of the charges set forth against him and had failed to locate key witnesses and evidence supporting the plaintiff's alleged innocence. Northrop, 1998 U.S. Dist. LEXIS 677 at *5.

12. In denying the plaintiff habeas relief, the habeas court addressed the merits of the plaintiff's claims of involuntary plea and ineffective assistance of counsel. Northrop, 1998 U.S. Dist. LEXIS 677 at *5 n.2.

13. The habeas court searched the record, including the plea transcript, and found no credible evidence that the plaintiff's plea was involuntary. Northrop, 1998 U.S. Dist. LEXIS 677 at *8-*9.

14. The habeas court concluded that there was "no question" that the plaintiff's claim was aware of the nature of the charges to which he pleaded guilty. Northrop, 1998 U.S. Dist. LEXIS 677 at *8-*9.

15. The habeas court searched the record, including the plea transcript, and found "no reasonable probability" that the defendant Cramer's representation was the "but for" cause of the plaintiff's allegedly involuntary guilty plea. Northrop, 1998 U.S. Dist. LEXIS 677 at *11.

16. The habeas court concluded that the defendant Cramer "did an admirable and competent job" on the plaintiff's behalf. Northrop, 1998 U.S. Dist. LEXIS 677 at *12.

17. The habeas court denied the plaintiff's § 2255 Motion without issuance of a certificate of appealability. Northrop, 1998 U.S. Dist. LEXIS 677 at *21.

18. The plaintiff attempted to appeal the decision of the habeas court. Third Amended Complaint, ¶ 23.

19. On June 1, 2001, the plaintiff's appeal from the decision of the habeas court was denied. Third Amended Complaint, Statement of the Facts, ¶ 24.

20. On June 14, 2001, the plaintiff attempted to collaterally attack his judgment of conviction and sentence via a Motion pursuant to 28 U.S.C. § 2241(c)(3). Third Amended Complaint, ¶ 25.

21. In June 10, 2002, the plaintiff's § 2241(c)(3) Motion was dismissed. Third Amended Complaint, ¶ 25.

22. On February 21, 2003, the plaintiff filed a civil action in the United States District Court for the District of Connecticut collaterally attacking his judgment of conviction. Third Amended Complaint, ¶ 26.

23. On April 14, 2003, that court dismissed the plaintiff's action. Third Amended Complaint, ¶ 26.

24. The plaintiff has appealed that dismissal in the United States Second Circuit Court of Appeals. Third Amended Complaint, ¶ 26.

Respectfully submitted,

DEFENDANT, RICHARD CRAMER

By: _____
Richard Cramer
449 Silas Deane Highway
Wethersfield, CT 06109
Tel. (860) 257-3500
Federal Bar No. ct00016
Email: cramer @ snet.net

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed this 24th day of November 2003 to:

Aaron Ben Northrop
#61713-080
Lompoc U. S. Penitentiary
3901 Klein Boulevard
Lompoc, CA 93436

Christopher L. Brigham, Eq.
Updike Kelly & Spellacy, PC
265 Church Street, 10th Floor
New Haven, CT 06510

_____
Richard S. Cramer