UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

AARON BEN NORTHROP          :

VS.                         :         NO. 3:02CV875 (AWT)

ELTON WILLIAMS and
RICHARD CRAMER              :         DECEMBER 1, 2003

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCLOSURE

In a pleading dated October 6, 2003, the plaintiff, Aaron Ben Northrop, challenges the sufficiency of defendant, Richard Cramer's, answers and objections to requests for admissions and interrogatories. In support of plaintiff's claim concerning the insufficiencies of the answers, the plaintiff directs the court's attention to Rule 36 of the Rules of Civil Procedure. Yet in the body of the plaintiff's motion concerning the challenged Request to Admit, numbers 2, 3, and 20, it appear that he is less concerned with the sufficiency but what he perceives as inaccuracies and alleged inconsistencies in these answers. The rule, in fact, is not even so concerned with the truthfulness of answers but whether "it complies with the requirements" of the this rule and the "sufficiency" of answers to requests to admit.

For example, plaintiff's request to admit number 2 simply asks the defendant, Cramer, if he is an officer of the United States District Court for the District of Connecticut. The answer provided to the defendant was a categorical denial. The

plaintiff's motion does not challenge the "sufficiency" of this answer but claims it is inaccurate and possibly not truthful. That argument, however, should await the trial and be presented to the trier of facts, or at least, in the alternative, be resolved at the pre-trial conference as permitted under Rule 36 of the Rules of Civil Procedure.

To suggest that the defendant was dishonest in his response is ludicrous. On page three of the plaintiff's pleading, he cites an oath which purportedly was taken by the undersigned defendant at the time he was sworn in as a member of the District Court for the District of Connecticut. That even occurred 33 years ago and obviously, defendant has no recollection of taking such an oath. Furthermore, a review of the Local Rules of Civil Procedure made before this defendant responded to Request to Admit no. 2 does not contain that particular oath. Obviously, if defendant took that oath, he could be characterized as an officer of the United States District Court. If he didn't, the plaintiff's argument is more one of semantic disagreement than a challenge to the "sufficiency" of answers.

Plaintiff again challenges the sufficiency of defendant's response to request number 3 since it again asked the defendant to admit that he is an officer of the United States District Court. It has been denied. Furthermore, it is ludicrous for the plaintiff to claim that the defendant is an "agent" of the United States Government. If every attorney took the alleged oath cited by the plaintiff in his motion to compel, no

2

attorney, by the plaintiff's logic, could ever represent an independent, private party before this court. Furthermore, the plaintiff, in his definitional section in his request to admit, never defines the word "agent". This is a very broad term and by this defendant's definition, he is not an "agent" of the United States Government at any time relevant to the subject matter in this civil action. To cut through the semantic bickering on which the plaintiff seems to dwell, the defendant, Richard Cramer, readily admits that he is a private attorney in private practice at all times relevant to this action and was appointed, under the Criminal Justice Act, to represent the plaintiff, Aaron Ben Northop, in a pending criminal proceeding. What factual conclusions and legal significance the plaintiff wishes the trier of facts to draw from that statement, can be made in a memorandum of law and at the time of trial.

The plaintiff believes, as he claims on pp. 2-3 of his pleading, that the undersigned defendant has "implied that [he] is an officer of the court, and that he owes a duty of loyalty to the court". He can stress that conclusory implication either in his closing argument at trial or in a motion for summary judgment.

Once again, as to requested Admission number 20, the plaintiff seeks to argue his case before this court at a preliminary stage without filing a motion for summary judgment or having a hearing before either a jury or a judge. The plaintiff submits the same worn argument that as an officer of the court, the undersigned could not

3

adequately represent the plaintiff in a criminal proceeding or alternatively, that since the defendant is arguably an officer of this court, his ability to effectively represent the plaintiff, Aaron Ben Northop, on a criminal proceeding was compromised. It is unclear to this defendant whether the plaintiff is claiming the defendant's answer to the request is insufficient or that it does not comply with the rules.

**Challenged Interrogatory Nos. 3, 4 and 5**

The plaintiff, Aaron Ben Northrop, objects to the defendant's clear, concise, and more than sufficient answer to interrogatory number 3. Defendant will repeat in this pleading what should have been made abundantly clear to the plaintiff at this juncture. If there was a contract of any sort, it was between the Administrative Office of the United States and the defendant, Cramer. There was no contract, in the mind of this defendant, between Aaron Northrop and the defendant attorney, Richard Cramer. If the plaintiff wishes to draw different conclusions from a clear and unequivocal fact pattern, then he can make his argument to the trier of fact at the appropriate time. The interrogatory does not ask whether or not there was a contract, but it expressly asks if the undersigned entered into "an attorney-client contract with the plaintiff..." It does not in any way seek to elicit from the defendant whether he contracted with the United States Courts to represent him. The plaintiff's objection to the answer to interrogatory number 4 is not so much with the defendant's answer but

4

to the plaintiff's own inept way of phrasing his question. Interrogatory no. 4, by the defendant's reading, only had to be answered if defendant answered affirmatively to the question of whether there was a contract between Attorney Cramer and the plaintiff. Since the defendant feels there was not (see answer to Interrogatory No. 3), number 4 is not applicable. As the plaintiff concedes, the defendant has admitted receiving compensation for his representation of the plaintiff. To digress for a moment, it is absolutely astounding to the undersigned why the amount of that compensation is of any concern to the plaintiff or can in any way benefit the plaintiff in the pursuit of his claim.

Interrogatory No. 15 has been objected to, and the plaintiff has a copy of the indictment to which he alludes. He feels that the count charging him with a violation of a Continuing Criminal Enterprise is deficient. He should make that argument to the trier of facts.

The defendant stands by his objection to Interrogatory No. 8. In light of the plaintiff's lengthy sentence, imposed by Judge Nevas in the criminal case, and the overwhelming evidence at trial that the plaintiff, Northrop, threatened to murder and intimidate witnesses, the undersigned is extremely uneasy about providing names of criminal defendants who may have been somewhat dissatisfied with the undersigned over the years. Defendant can add, however, that the less than half dozen grievances

5

that have been filed against him have all been summarily dismissed, and to the undersigned's recollection, all of them pertain to allegations that the defendant was overcompensated for the work that he did. Plaintiff alleges that these other fatuous complaints by other criminal defendants would relate to the defendant's "knowledge, intent and competency as an attorney". Plaintiff's motion to compel, p. 7. The defendant, Cramer, fails to see how frivolous complaints filed years ago relate to the issues which the plaintiff now raises in his present action. The defendant, Cramer, however, is willing to turn over to the plaintiff, Northrop, all information about any grievances that have not been summarily dismissed or any malpractice actions that were either settled or in which a favorable decision was rendered for a plaintiff. That information, however, is a total zero. Thus, no information can be turned over to the plaintiff, Northrop.

        Respectfully submitted,

        DEFENDANT, RICHARD CRAMER

        By /s/ *signature*
        Richard S. Cramer
        449 Silas Deane Highway
        Wethersfield, CT 06109
        Tel. (860) 257-3500
        Federal Bar No. ct00016

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed this 1st day of December 2003 to:

Aaron Ben Northrop
#61713-080
Lompoc U. S. Penitentiary
3901 Klein Boulevard
Lompoc, CA 93436

Christopher L. Brigham, Eq.
Updike Kelly & Spellacy, PC
265 Church Street, 10th Floor
New Haven, CT 06510

_____
Richard S. Cramer