UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aaron Ben Northrop, | : |
|     Plaintiff, | : Civil No. 3:02-CV-00875(AWT) |
| V. | : |
| Elton Williams, | : |
| Richard Cramer, | : |
|     Defendants, | : |

PLAINTIFF'S RESPONSE TO THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Aaron Ben Northrop, pro se, respectfully submits this response to the motion for summary judgment filed by the defendants Elton Williams and Richard Cramer.

SUMMARY OF THE ARGUMENT RAISED BY THE
DEFENDANTS IN THEIR MOTION FOR SUMMARY JUDGMENT

The defendants argue in their motion for summary judgment that the claims presented in the plaintiff's Third Amended Complaint were heard and decided against the plaintiff in a prior Section 2255 motion. For this reason, the defendants argue that the plaintiff is barred by the doctrine of collateral estoppel.

In support of their motion the defendants allege 24 enumerated facts which they contend are undisputed. Nevertheless, two facts remain in dispute. The plaintiff disputes the allegation that the habeas court noted in its decision that the plaintiff claimed that his plea was involuntary "because the defendant Williams had not adequately advised him of the nature of the charges set forth against him." Id. Fact #10. Plaintiff further disputes the allegation that the habeas court noted in its decision that the plaintiff claimed that defendant Williams rendered ineffective assistance "because he had not advised him of the nature of the charges set forth against him." Id., Fact #11.

As will be shown, the defendants motion for summary judgment is frivolous, without merit, and nothing more than an attempt to harass the plaintiff and cause a further delay in the proceedings.

> THE DOCTRINE OF COLLERAL ESTOPPEL IS INAPPLICABLE UNDER THE CIRCUMSTANCES OF THE CASE BECAUSE THE PLAINTIFF'S CAUSE OF ACTION IS BASED ON NEWLY DISCOVERED FACTS THAT WERE NOT PRESENTED TO, OR CONSIDERED BY, THE COURT WHICH RENDERED THE PRIOR JUDGMENT.

The plaintiff states that the facts set forth in the plaintiff's Third Amended Complaint, specifically fact numbers 5,6,9,11-14, and 16-26, were not presented to, or considered by, the court which rendered the judgment in the prior Section 2255 proceeding.*[1]  Therefore, under the circumstances of the

case, the doctrine of colleral estoppel is inapplicable. <u>See</u>, <u>Montana v. United States</u>, 440 U.S. 147 (1979)(holding that "changes in facts essential to a judgment will render collateral estoppel inapplicable in a subsequent action raising the same issues.").

The record shows that the court which rendered the decision in the plaintiff's prior Section 2255 motion based its opinion on an entirely different set of facts. Moreover, had the court been presented with the newly discovered facts presented in the plaintiff's Third Amended Complaint there is a high probability that the court would have reached a different result, since the record fully supports the plaintiff's allegations. For example, the record shows that the prosecutor incorporated the conduct described in counts 4,5 and 6 of the indictment into the overt acts of the drug conspiracy charge and then invited the plaintiff to consider those violations as predicate offenses of the CCE.[*2]

---

[1] Compare for example, the facts set forth in the plaintiff's Third Amended Complaint with the facts set forth in the plaintiff's prior Section 2255 motion. <u>See</u>, Exhibit A, copy of plaintiff's prior Section 2255 motion. By comparing the facts alleged in both complaints the court can easily see the distinction between the two.

[2] <u>See</u>, Exhibit B, Indictment at overt acts 9, 35 and 36, as alleged in Count One; <u>see also</u>, Exhibit C, March 11, 1993, plea hearing transcripts, at page 32, where the prosecutor informs the plaintiff that the predicate offenses of the CCE are "described in detail in many of the overt acts" set forth in Count One of the indictment.

3

The record also shows that the sentencing judge failed to perform his duty under Rule 11 of the Federal Rules of Civil Procedure. Rule 11(c)(1) imposes a mandatory duty on all federal judges accepting pleas of guilty. It states in relevant part that "the court <u>must</u> address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, [] the nature of the charge to which the plea if offered..." A defendant who pleads guilty in a federal criminal case is presumed to be ignorant of the charge until he receives notice by the <u>judge</u> describing the elements of the offense. <u>See e.g.</u>, <u>United States v. Smith</u>, 60 F.3d 595, 600 (9th Cir. 1995) ("[I]n total absence of any reference at the plea hearing to the charge or its nature, we can assume nothing more than total ignorance of the charge on the part of [the defendant]"); <u>see also</u>, <u>United States v. Wetterlin</u>, 583 F.2d 346 (7th Cir. 1978), <u>cert. denied</u>, 349 U.S. 1127 (1978)(In case involving complex conspiracy, the judge should not have assumed that the defendant already knew and understood what charges were, but rather court should have assumed defendant was ignorant of charges and informed him of legal aspects of charges before accepting guilty plea). Moreover, a judge's duty under Rule 11 cannot be delegated to the prosecutor or some other government official. <u>See</u>, <u>United States v. Bruce</u>, 976 F.2d 552, 560 (9th Cir. 1992)(recognizing that a judge's duty under Rule 11 cannot be delegated to the clerk of some other government official).

    Judge Alan H. Nevas is an experienced federal judge who has served on the bench for many years. He knew that he was

required to personally disclose the true nature of the charges to the plaintiff before accepting the plaintiff's pleas. He also knew that the plaintiff was invited to consider impermissable predicate acts as predicate offenses of the CCE, yet he did nothing to correct the deficiency. Therefore, under the circumstances of the case; where there are fiduciary relations between the parties; a duty on the fiduciary's part to disclose; and a failure to do so; the law says that fraud must be presumed, see, Murphy v. Wakelee, 247 Conn. 121, 747 A.2d 39 (2000), and the burden shifts to the fiduciary to prove by clear and convincing evidence that they acted honestly and in good faith, see, Spector v. Konover, 57 Conn.App. 121, 747 A.2d 39 (2000), and if there is the slightest trace of undue influence or unfair advantage, redress must be given to the injured party. See, Howard v. Howe, 61 F.2d 577 (7th Cir. 1932). As the court stated in United States v. Prudden, 424 F.2d 1021, 1032 (5th Cir. 1970), cert. denied, 400 U.S. 831 (1970), "silence can only be equated to fraud where there is a legal or moral duty to speak or where the inquiry left unanswered would be intentionally misleading."

The type of fraud alleged by the plaintiff in his Third Amended Complaint has been characterized by the courts as extrinsic fraud. Where extrinsic fraud is involved, fraud or collusion with the rendition of the judgment may render the judgment void, see, Leage v. De Young, 52 U.S. 185 (1851); President, Directors and Co. of Bank of United States v. Moss, 47 U.S. 31 (1847); and the doctrines of res judicata and collateral estoppel will not sheild a blameworthy defendant from the consequences of his own

5

fraudulent conduct. <u>See</u>, <u>Riehle v. Margolies</u>, 279 U.S. 218 (1929); <u>New Orleans v. Gaine's Adm'r</u>. 138 U.S. 595 (1891).

For the reasons stated above, the defendants motion for summary judgment should be denied.

                              Respectfully submitted,

                              Aaron Northrop
                              Reg. No: 61713-080
                              Lompoc U.S. Penitentiary
                              3901 Klein Boulevard
                              Lompoc, CA 93436