Original

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Aaron Ben Northrop,                :

          Plaintiff,               :         Civil No. 3:02CV0875(AWT)

     v.                            :

Elton Williams,                    :

Richard Cramer,                    :

          Defendants,              :
                                   :

## PLAINTIFF'S STATEMENT OF DISPUTED FACTS
## PER LOCAL RULE 56(a)2

     Plaintiff Aaron  Northrop, pro se, respectfully submits
the following statement of disputed facts.

     Plaintiff disputes fact numbers 10 and 11 as set forth in
the defendants statement of facts. The defendants misrepresented
the findings made by the district court in its opinion. The
habeas court never stated that the plaintiff's  claim was that
his plea was involuntary, and counsel was ineffective, "because
the defendant Williams had not adequately advised [the plaintiff]
of the nature of the charges."  The facts supporting the plaintiff's
cause of action were never presented to, or considered by, the
habeas court. See,  Plaintiff's Exhibits A-C.

1

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this statement of disputed facts was mailed, postage prepaid, to defendant Elton Williams at Updike, Kelly and Spellacy, P.C., One Century Tower, 265 Church Street, New Haven, Connecticut, 06510-7002, and defendant Richard Cramer at 449 Silas Deane Highway, Wethersfield, Connecticut 06109-2120, on this 31 day of November, 2003.

Respectfully submitted,

Aaron Northrop
Reg. No: 61713-080
Lompoc U.S. Penitentiary
3901 Klein Boulevard
Lompoc, CA 93436

2

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he wishes to
attack, he should file a motion in the federal court which entered the judgment.)

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form DC 12, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the clerk of the United States District Court whose address is *915 Lafayette Boulevard, Bridgeport, Ct*

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

Exhibit A

AO 243
REV 6/82

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Connecticut |
|---|---|

| Name of Movant Aaron B. Northrop | Prisoner No. 61713-080 | Docket No. 3.92CR32(AHN) |
|---|---|---|

Place of Confinement Atlanta Federal Prison

(include name upon which convicted)

UNITED STATES OF AMERICA          v.      Aaron B. Northrop

(full name of movant)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack U.S. District Court District of Connecticut, 915 Lafayette Blvd, Bridgeport, Ct 06604

2. Date of judgment of conviction October 25, 1993

3. Length of sentence 50 years (3 years supervised release)

4. Nature of offense involved (all counts) 31:846 Consp. to dis. marijuana and cocaine, 21:848 Engaging in a continuing criminal enterprise, 26:5861(c) possess and make a destructive device, 18:1958 Use of interstate communication facilities in commission of murder for hire.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Pled not guilty to count 2 and 7 possession of Cocaine w/intent to dis. and contempt of court. and guilty to the rest.

6. Kind of trial: (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241
REV 9/82

9. If you did appeal, answer the following:

(a) Name of court: U S Court of Appeals for the Second Circuit

(b) Result: denied

(c) Date of result: Nov. 1, 1994

(d) Grounds raised _____

_____

_____

_____

_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court U.S. District Court of Connecticut

(2) Nature of proceeding 18 U.S.C. 3582 (c)(2) and § 2255 petition

(3) Grounds raised 1. Guilty plea was not voluntary and was induced 2. Double Jeopardy 3. Unconstitutional Grand Jury 4. Sentencing Guidelines Unconstitutional 5. ineffective assistance of counsel

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result Denied without prejudice to renewal

(6) Date of result Nov. 14, 1996

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐
(5) Result _____

(6) Date of result _____

(c)  As to any third petition, application or motion, give the same information:
(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐
(5) Result _____

(6) Date of result _____

(d)  Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐   No ☒
(2) Second petition, etc.     Yes ☐   No ☐
(3) Third petition, etc.       Yes ☐   No ☐
(e)  If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

It was easier to refile

_____

_____

12.  State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
     CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241
REV 5/82

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

B. Ground two: _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241
REV 9/82

C. Ground three: _____
_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____
_____
_____
_____
_____
_____

D. Ground four _____
_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____
_____
_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____
_____
_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing _Elton R. Williams, 31 Pratt St._
_Meridan, Ct. 06450_
(b) At arraignment and plea _(Same as above) and Richard S Cramer, 449 Silas Deane Hwy, Wethersfield, Ct. 06109_

AO 241
REV 9/82

(c) At trial _____ (Same as above) _____

(d) At sentencing _____ (Same as above) _____

(e) On appeal _____ Robert J. Boyle, 294 Atlanta Ave, Brooklyn, N.Y. 11201 _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ (NONE) _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

3-24-1997
_____
(date)

_____
Signature of Petitioner

ISSUE NO. 1

The Federal District Courts in the State of Connecticut are "Legislative" courts and receive no authority, and its Judges no rights, from the Judicial Article of the Constitution.

Defendant for cause of action states the following:

1. The Federal District Courts are "legislative" courts, created and established by Congress to give advisory decisions only.

2. Congress is vesting judicial authority defined in Article III of the United States Constitution in legislative courts in violation of the "Separation of Powers" doctrine.

3. Congress can only grant judicial authority defined in Article III, in constitutional courts created by itself.

4. The Judges in the District Courts do not hold their offices during good behavior and are incapable of receiving judicial authority defined by the third Article of the Constitution.

ISSUE NO. II

The court's imposition of the Defendant's conviction and sentence,

following the Government's forfeiture of the Defendant's $10,006.45 and criminal conviction and sentence in State court, constitutes a second conviction and punishment in violation of the double jeopardy clause of the Fifth Amendment.

Defendant for cause of Action states the following:

1.  Prior to this indictment and conviction, Federal and State law enforcement officers working in concert together, seized property from the Defendant and criminally charged the Defendant in State court with conspiracy to distribute marijuana and cocaine.

2.  On October 12, 1988, Federal, State, and Local law enforcement officers, executed a state search and seizure warrant at the Defendant's residence (34 Harmac Dr., East Haven, Connecticut) based upon an investigation into the illegal drug activities of the Defendant. Property was seized from the Defendant.

3.  October 17th, 1988, Federal law enforcement officers, working with the state, seized $10,006.45 from the Defendant's

bank account. Docket Number H-89-151 (JAC).

4.  Subsequent to execution of the warrant, the defendant was placed under arrest and charged with conspiracy to distribute marijuana and cocaine.

5.  On August 17, 1989, the Defendant entered a plea of nolo contendere in Connecticut Superior Court and was sentenced to one (1) year imprisonment, execution suspended; two (2) years probation, and a $1,000.00 fine.

6.  On, or about, September 19, 1991, the seizure of the Defendant's $10,006.45 was resolved in Federal Court.

7.  The Government exclusively relied on the evidence seized, and the testimony derived, from the Defendant's prior arrest and conviction to convict the Defendant of the drug conspiracy charges in this case.

ISSUE NO. III

Denial of effective assistance of counsel.

Defendant for cause of action states the following:

1.    Through information and belief, the Assistant US Attorney, along with both lawyers for the defendant conspired to manipulate the defendant into pleading guilty, and cooperating with the government throughout the criminal proceedings.

2.    Through information and belief, the Assistant US Attorney, along with both lawyers for the Defendant, conspired to manipulate the defendant into waiving all of his constitutional rights.

3    At the time of the Northrop arrest and prosecution, Northrop was inexperienced in the law and was unaware that he was systematically waiving all his Constitutional rights throughout the proceedings.  He had full faith in his attorneys and believed that they were hired to protect his Constitutional rights.

4.    Counsel intentionally lied and deceived Northrop to keep him from listening to government recorded tapes and from viewing other Discovery and Brady material by telling him that he was not allowed to hear them and that he had no legal right to view any of the government's evidence until the Prosecutor showed the evidence to the jury.  There were several witnesses to substantiate the attorneys statements to that effect.

5.    Counsel for the defendant kept pressuring Northrop to plead guilty throughout the criminal proceedings without showing him any of the government's evidence. They stated: "You should plead guilty, because this prosecutor never lost a case."

6.    Counsel refused to prepare any type of defense, or investigate any of Northrop's witnesses that would have proven him innocent on some of the charges.

7.    Counsel stated that he could not locate Greg Musco and Carl Lipp, two witnesses that would have refuted Wayne Miller's testimony. Wayne Miller was a witness for the government. Greg Musco and Carl Lipp were easy to find since they were both held in El Paso prison.

8     To this very day, Counsel still refuses to disclose any of the Government's evidence to the defendant, or any information whatsoever that relates to this criminal case, even after numerous letters requesting this information. Northrop is forced to file his own motions to get this information from the Government.

9.    Counsel failed to protect Northrop's rights to multiple prosecutions for the same offense and forced Northrop to stand trial on a multiplicitious indictment.

10.    Counsel refused to assist the Defendant in withdrawing his guilty plea after being notified.

11. Counsel used the Defendant's family to help manipulate the Defendant into pleading guilty.

12. Counsel promised the Defendant and his family that he would serve a 20 year sentence in return for his guilty plea.

13. Defendant, Aaron Northrop asserts that if not for Counsel's intentional and malicious errors, he would have proceeded through trial and been found innocent on most of the charges.

ISSUE NO. IV

Conviction obtained by plea of guilty which was unlawfully induced, or not made voluntarily, with understanding of the nature of the charge and the consequences of the plea.

Defendant for cause of action states the following:

1. Defendant is not guilty of 848 Engaging in a Continuing Criminal Enterprise, 846 Conspiracy to distribute marijuana and cocaine, 1958 use of interstate commerce facilities in commission of murder for hire, and 26:5861 (c) 3 (f) making and possessing a destructive device.

2. The Defendant is serving a 50 year sentence as a result of

an involuntary and coerced guilty plea that was entered on 11/3/1993.

3. The Defendant has maintained his innocence throughout the criminal process on all counts of the indictment.

4. Throughout the criminal proceedings, defense counsel has made direct and indirect attempts to pressure the Defendant into pleading guilty and cooperating with the Government by:

  a) withholding all evidence from the Defendant, including tapes, Discovery, Brady, and Jenks Act material.

  b) refusing to locate, investigate, and interview witnesses for the defense.

  c) lying to the Defendant as to what his constitutional rights were.

  d) allowing the Government to place the Defendant in Double Jeopardy.

  e) making false promises as to how much time the Defendant would serve.

5. At the time the Defendant was going through the criminal process, the Defendant was dependent on his attorneys, naive in the law, was not aware of his constitutional rights, had never been to trial, trusted his attorneys, and believed they were truthful and were there to protect his constitutional rights and make sure that he got a fair trial.

6. After four (4) days of trial, the Defendant entered into a plea agreement with the Government through his attorneys.

7. The terms of the plea agreement were verbally explained to the Defendant by his court appointed attorneys. The Defendant did not have any direct communication with the Prosecutor. The Defendant was told by counsel that he was to plead guilty to certain charges in return for a maximum sentence of 20 years. That if the Defendant decided to cooperate with the Government, he would get a sentence lower that 20 years depending on the information he gave.

8. The Defendant was told that he would be pleading guilty to count 1 21:846 Conspiracy to distribute marijuana and cocaine, count 3 21:848 Engaging in a continuing criminal enterprise,

count 4 26:5861 (c) 3 (f) Making and possessing a destructive device, and counts 5 and 6 18:1958 Use of interstate commerce facilities in commission of murder for hire. He was told counts 2 and 7 would be dismissed.

9. The Defendant then told his attorneys that he believed that he could prove his innocence on the murder for hire charges and the bomb charge and wanted them dropped.    The Defendant wanted to take the stand in his defense.

10. Counsel then told the Defendant:

"it doesn't matter whether you are guilty or not, because if you go to trial, and the jury finds you are not guilty on all the counts except count 3, 21:848 engaging in a continuing criminal enterprise, you will get a mandatory life sentence."

11.    After the Defendant agreed to plead guilty, defense counsel gave the Defendant instructions on how to answer the questions posed by the Court in order for the Court to accept his guilty plea and grant the 3 points for Acceptance of Responsibility.

12.  The Defendant was instructed to admit all the elements of the crime and forced to make up a story that the court might find acceptable.

13.  Soon after the Defendant plead guilty, his Attorneys explained to him how the sentencing guidelines worked and warned him that he might get a sentence longer than 20 years if he did not cooperate with the government.

14.  The Defendant then informed his Attorneys that he wanted to withdraw his guilty plea.  His Attorneys informed him that it was too late.

15.  Shaken with stress and despondent with counsel's betrayal, the Defendant began experiencing signs of mental dysfunction which made him unable to communicate with counsel.

16.  After months of medication and psychiatric care, the Defendant reached a substantial recovery and was able to discern what was taking place on his case.

17.    The Defendant then fired defense counsel and requested new counsel for his appeal.  Robert Boyle was appointed.

18.    Defendant requested that his attorney, Robert Boyle, withdraw his guilty plea and restore his rights.   Counsel informed the Defendant that should do that on his own after the appeal is decided by way of a 2255 motion.

ISSUE NO. V

Conviction obtained by a violation of the protection against double jeopardy.

Defendant for cause of action states the following:

1.  The Defendant was illegally charged and convicted.

2.    The indictment charges the Defendant with 21:846 Conspiracy to distribute marijuana and cocaine and 21:848 Engaging in a continuing criminal enterprise.

3. Both charges are the same offense in violation of the double jeopardy clause.

ISSUE NO. VI

Conviction obtained by action of a Grand or Petit Jury which was unconstitutionally selected and impaneled.

Defendant for cause of action states the following:

1. The Defendant was denied a Grand and petit Jury composed of persons selected in accordance with the Constitution and laws of the United States which fairly represents a random cross-section of the community.

ISSUE NO. VII

The resolutions adopted by Legislature (the 98th Congress of the United States at the Second Session) in the enactment of the Sentencing Reform Act of 1984, are null and void, unconstitutional and without legal force or

effect where President Reagan vetoed the Bill and the Bill was not returned to the House and Senate for the required two-third majority vote for repassage as Constitutionally mandated by Article 1, Section 7, United States Constitution.

Defendant for cause of action states the following:

1.    The Comprehensive Crime Control Act of 1983 (in three parts, S.829, S.1762, and H.R. 3963) became the Comprehensive Crime Control Act of 1984 (Pub. L. 98-473; 98 Stat. 1837, pages 3182 thru 3717 Legislative History).

2.    The Comprehensive Crime Control Act of 1984 (.C.C.C.A., Pub. L. 98-473, 98 Stat. pgs. 1837 thru 3182) began as an outgrowth of President Reagan's Bill S.829 which was given to both Houses after he vetoed their bills (S.1762, Jan. 17, 1983) and (H.R. 3963, Jan. 14, 1983).

3.    President Reagan's (S.829 bill) was a 42 point proposal meant to be used as a guide to a Crime Control Act Bill.  (See Hearings, 129 Congress, Rec. p.p. S. 11679-S11713 daily ed.).

4.    Following President Reagan's veto of (H.R. 3963 and S. 1762) which

contained the Sentencing Reform Act of 1984 (U.S.S.G.) C.C.C.A (98 Stat. 1987), the Ninety-Eighth Congress violated the passage clause of the United States Constitution in their failure to acquire the two-thirds vote majority necessary for re-passage.

5.    Specifically, the Ninety-Eighth Congress, in the Legislative passage of the Sentencing Reform Act of 1984, violated the Constitutional mandate of Article 1, <u>Section 7</u>, U.S. Constitution which provides that:

> "Every bill which shall have passed the House of Representatives and the Senate, shall, before it becomes law, be presented to the President of the United States; If he approves, he shall sign it, but if not he shall return it, with his objections to that House in which it shall have originated, who shall enter the objections at large on their Journals, and proceed to reconsider it. If after such reconsideration two thirds of that House shall agree to pass the bill, it shall be sent together with the objections, to the other House, by which it shall likewise be reconsidered, and if reapproved by two thirds of that House, it shall become law. But in all such cases the votes of both Houses shall be determined by yeas and nays, and the names of the persons voting for and against the Bill shall be entered on the Journal of each House respectively...."

6.    After President Reagan's veto and return of S.829, S. 1792, and H.R. 3963, to the House of Representatives, neither House nor Senate (Ninety-Eighth Congress)

    a)    entered the President's objections at large on their Journal:

b)    did not "proceed to reconsider" the Bill:

c)    did not obtain the two third vote agreement to pass the Bill;

d)    did not determine repassage of the Bill by votes of yeas or nays, nor name the persons voting for and against the Bill, and;

e)    did not enter the yeas and nays of such persons upon their respective Journal(s).

7.    Rather, the Ninety-Eighth Congress at the Second Session attached President Reagan's 42 point proposal to a "continuing appropriation bill" (Pub. L. 98-473), (H.J. Res. 648)   [joint resolution making continuing appropriations for fiscal year 1985], and, through "piggy-back" Legislation forced President Reagan to sign the vetoed legislation in order to obtain continuing appropriation for fiscal year 1985).

8.    The Ninety- Congress knew, or should have known, that Congress cannot use appropriation acts to create "substantive measures or laws" which directly, or indirectly effects the rights of the citizens. C.E.T. V.A. v. Hill. 57 L. ed. 2d 117 (1978).

9.    The Ninety-Eighth Congress did not have the legal authority to pass

(Pub. Law 98-473) [H.J. Res. 648] in that Congress did not complete the first concurrent budget for the first concurrent resolution before May 15th, as required by Title 31, <u>Section</u> 631-32, because President Reagan signed [H.J. Res. 648] into law on October 12, 1984. Thus,. the passage thereof violated Article 1, <u>Section</u> 9, <u>CL</u>. 7; Article 1 <u>Section</u> 9, <u>CL</u>. 3; 31 U.S.C. <u>Section</u> 6321-32; Title 1, <u>Section</u> 101-105; the 4th and 5th Amendment; 31 U.S.C. <u>Section</u> 1341 et. seq.; and the ex post facto clause.

10.    While it is true that Congress may amend or repeal substantive law through an Appropriation Act for a <u>particular year</u>, it may not do so <u>permanently</u> except for those prescribed in 31 U.S.C. 1301 (c).  Congress knew, or should have known, that the enactment of the Sentencing Reform Act, even if legal, has [or had] a life span of one year and that its enforcement and application thereafter is (and was) unconstitutional.

11.    Prior to the enactment of the Sentencing Reform Act of 1984, defendant would be eligible for release from prison via parole after serving one-third of an imposed sentence and would have had a <u>mandatory</u> release date after service of two-thirds of his sentence.

12.    As a result of the illegal passage of the Sentencing Reform Act of 1984, defendant is now required tio serve imprisonment without parole, or

good time reduction, and subject to assessments plus long term supervised release upon completion of his sentence. That could not have been imposed absent the invalid legislative practice and policy of Congress.

13. The Ninety-Eighth Congress knew, or should have known, that the procedure implemented in the passage of the Sentencing Reform Act of 1984 violated the mandate of Article 1, <u>Section</u> 7, United States Constitution.

14. The Ninety-Eighth Congress knew, or should have known, that passage of the Sentencing Reform Act of 1984, which created substantive measures and laws (statutes) criminal in nature, through an Appropriation Act, was improper and outside "The Sphere of Constitutional Authority" which amounted to a Bill of Attained imposed upon defendant and violative of Article 1, <u>Section</u> 9, <u>Clause</u> 3, U.S. Constitution.

15. The United States of America has imposed prison sentences, and assessments upon defendant based upon the authority of the <u>invalid</u> legislative enactment of the Sentencing Reform Act of 1984.

ISSUE NO. VIII

Conviction obtained by an unconstitutional statute.

Defendant for cause of action states the following:

1. The conviction obtained on court 4 26:586 (c) 3 (f) Making and possessing a destructive device is an unconstitutional statute because:

   a) it exceeds the authority of Congress to regulate commerce among the several states.

ISSUE NO. IX

Improper imposition of sentence and considerations in determining sentence.

Supporting Facts:

1. Defendant was unable to read and discuss the PSI with counsel.

2.    The Judge relied on materially false and unreliable information.

3.    The Judge relied on recommendations made by the Prosecutor in violation of a plea agreement.

4.    The wrong guidelines manual was used in determining the Defendant's base offense level for count 3  21 USC 848 engaging in a continuing criminal enterprise.