FILED

2003 DEC 19 P 2: 12

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

| | | |
|---|---|---|
| AARON BEN NORTHROP,<br><br>Plaintiff,<br><br>vs.<br><br>ELTON WILLIAMS, and RICHARD CRAMER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 3:02 CV-[illegible] (AWT)<br>875<br><br><br><br><br><br>DECEMBER 18, 2003 |

**DEFENDANT ELTON WILLIAMS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The plaintiff's Response to Defendants' Motion for Summary Judgment dated November 31, 2003 appears to be an Objection to Motion for Summary Judgment. See Response to Defendants' Motion for Summary Judgment dated November 31, 2003 (hereinafter "Objection"). However, the plaintiff's Objection fails to raise any basis upon which his Third Amended Complaint can survive summary judgment.

## I. THE ISSUES RAISED IN THE PLAINTIFF'S THIRD AMENDED COMPLAINT WERE ACTUALLY AND NECESSARILY DETERMINED BY THE HABEAS COURT IN ITS DECISION DENYING THE PLAINTIFF'S § 2255 HABEAS PETITION

In his Objection, the plaintiff claims that his Third Amended Complaint is not barred by the doctrine of collateral estoppel because it allegedly sets forth facts that "were not present to, or

considered by, the court which rendered the judgment in the prior Section 2255 proceedings." Objection at 2. However, as set forth in greater detail in the Defendant William's Memorandum of Law in Support of Motion for Summary Judgment, the "new" allegations on which the plaintiff relies herein were actually and necessarily determined as part of the habeas court's decision denying his § 2255 petition, as their resolution was necessary to support a valid and final judgment on the merits. See Northrop v. United States of America, 1998 U.S. Dist. LEXIS 677, *1 (Conn. 1998).

Specifically, the plaintiff claims in his objection that his allegations that the prosecutor in his underlying criminal action improperly allowed him to consider violations irrelevant to a CCE charge, and that the Judge in those proceedings failed "to personally disclose the true nature of the charges to the plaintiff before accepting the plaintiff's pleas," were not presented in the underlying proceedings and, therefore, his present Third Amended Complaint is not subject to the collateral estoppel effect of the prior habeas action. Objection at 3, 4-5. A resolution of both contentions, however, was necessary to the habeas court's express conclusion that "the record shows that the court was extremely thorough in its plea canvas" and that it "asked [the plaintiff ] numerous questions concerning, inter alia, his desire to plead guilty, his awareness of his rights . . . his awareness of the charges against him, and whether he had the opportunity to discuss fully those charges with his lawyers." Northrop, 1998 U.S. Dist. LEXIS 677 at *9. Indeed, based on the same record on which the plaintiff relies herein, the habeas court found nothing improper about the plaintiff's plea to the charges set forth against him and, to the contrary, expressly determined not only that "[t]here can be no question that [the plaintiff] understood the nature of the charges and the evidence against him," but also, that the plaintiff's claims to the contrary were "wholly incredible." Id., at *9-*10; Objection at 3 n.2.

Furthermore, based particularly on the Superceding Indictment and the Transcript of the Plea Canvas – on each of which the plaintiff relies herein as evidence in support of his claims – the habeas court concluded that the government had presented a powerful case against the plaintiff, that the plaintiff was "thorough[ly]" apprised of his rights and the charges against him by the court, that defendant Williams had done "an admirable and competent job" on the plaintiff's behalf and that the plaintiff's plea was knowing and voluntary. Northrop, 1998 U.S. Dist. LEXIS 677, at *9-*10, *12; Objection at 3 n.2. An actual and necessary part of those conclusions is the commensurate determination that neither the prosecutor nor the canvassing judge nor the defendant Williams defrauded the plaintiff into entering an unintelligent and involuntary plea. Northrop, 1998 U.S. Dist. LEXIS 677, at *9-*10, *12. Accordingly, the issues raised in the plaintiff's Third Amended Complaint are barred by the doctrine of collateral estoppel. See Purdy v. Zeldes et al., 337 F.3d 253 (2d Cir. 2003); Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288 (2d Cir. 2002); Gelb v. Royal Globe Ins., Co., 798 F.2d 38, 40-43 (2d Cir. 1986).

## II. BECAUSE OF THE ISSUES ACTUALLY AND NECESSARILY DETERMINED IN THE HABEAS COURT'S DECISION DENYING THE PLAINTIFF'S § 2255 PETITION, THE PLAINTIFF HAS FAILED TO RAISE ANY GENUINE ISSUE OF MATERIAL FACT

To survive summary judgment, the plaintiff must do more than offer "[i]rrelevant or unnecessary factual disputes" or cast "metaphysical doubt as the material facts" of his claim; rather, he must "make a showing sufficient to establish the existence of an element essential to [his] case." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v.

Liberty Lobby Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Because the plaintiff's claims are based on the very same evidence on which the habeas court based its determination dismissing the plaintiff's § 2255 petition as meritless, the plaintiff's allegations fail to establish the existence of any element essential to his claims.

Specifically, although he represents that they are "new" claims, the plaintiff's allegations that he was fraudulently induced to plead guilty by a failure of the prosecutor, the canvassing judge and the defendant Williams to apprise him of defects in the charges set forth against him are nothing more than mere fanciful attempts to relitigate his meritless claims made before the habeas court that his legal counsel was incompetent and that his plea was unintelligent and involuntary. See Northrop, 1998 U.S. Dist. LEXIS 677, at *9-*13. As previously noted, the only evidence on which he relies – most notably, the Superceding Indictment and the Transcript of the Plea Hearing – is the very same evidence upon which the habeas court determined that the canvassing judge and defendant Williams did an "extremely thorough" and "admirable" job, respectively, of apprising the plaintiff of his rights regarding the charges set forth against him. Id., at *9 and *12. Accordingly, not only is the plaintiff collaterally estopped from relitigating those issues herein; see Purdy, 337 F.3d at 257 and 260; Gelb, 798 F.2d at 40, 44; but also, as the habeas court determined, he has failed based on the evidence presented to establish any meritorious issue. See Northrop, 1998 U.S. Dist. LEXIS 677, at *9-*13. Accordingly, the plaintiff has failed to establish any genuine issue of material fact sufficient to survive summary judgment. Matsushita, 475 U.S. at 587; Anderson, 477 U.S. at 248; Celotex, 477 U.S. at 322.

**CONCLUSION**

Based on the foregoing, the defendant Williams respectfully requests that summary judgment be entered in his favor on the plaintiff's Third Amended Complaint.

Respectfully submitted,

DEFENDANT,
ELTON WILLIAMS

By: ______________________________

CHRISTOPHER L. BRIGHAM, ESQ.
Federal Bar No. ct19902
KARA S. SUFFREDINI, ESQ.
Federal Bar No. ct25147
Updike, Kelly & Spellacy, P.C.
265 Church Street, 10th Floor
New Haven, CT 06510
Telephone: (203) 786-8300
Facsimile: (203) 772-2037
Emails: cbrigham@uks.com
ksuffredini@uks.com

**CERTIFICATION**

THIS IS TO CERTIFY THAT a copy of the foregoing was mailed, postage prepaid, this 18th day of December, 2003 to:

Aaron Ben Northrop
Reg. No: 61713-080
Lompoc U.S. Penitentiary
3901 Klein Boulevard
Lompoc, CA 93436

Richard S. Cramer, Esq.
449 Silas Deane Highway
Wethersfield, CT 06109-2120

BY: ______________________
KARA S. SUFFREDINI, ESQ.
Commissioner of the United States District Court