UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

Aaron Northrop,

    Plaintiff,

    V.

Elton Williams,

Richard Cramer,

    Defendants,

Case No: 3:02-CV-00875 (AWT)

2004 SEP -7 A 11: 42

---

## MOTION TO EXPEDITE THE ACTION

Plaintiff Aaron Northrop, in order to preserve his right to a trial by the jury, respectfully submits this request to expedite the action. And as good grounds would show:

(1) plaintiff has a petition for a writ of habeas corpus pending in the Ninth Circuit Court of Appeals;

(2) the facts alleged in the habeas complaint are the same as the facts set forth in the plaintiff's third amended complaint;

(3) if the factual issues alleged in the habeas complaint are resolved first, plaintiff would be foreclosed from presenting those facts to a jury, thus plaintifff would be deprived of his right to a trial by the jury on his legal claims.

### ARGUMENT

Title 28 U.S.C. § 1657 authorizes the district court's to expedite any civil action in order to protect a litigant's substantive rights. Plaintiff is urging the court to

expedite the action in order to protect his right to a jury trial.

The Seventh Amendment requires that when an issue is common to both legal and equitable claims in the same or separate proceedings, the legal claims must be tried first to a jury. This is because once the right to a jury trial attaches to a claim, it extends to all factual issues necessary to resolving that claim. Where a legal and equitable claim in a suit share the same factual issue, trial of the equitable claim first to a judge would foreclose the latter presentation of the common issue to a jury, and thereby violate the trial-by-jury guarantee. See, Robinson v. Metro-North Commuter Railroad Co., No. 00-9417 (2nd Cir. 10/09 2001); Heyman v. Kline, 456 F.2d 123 (2nd Cir.), cert. denied, 409 U.S. 847, 34 L.ed. 2d 88, 93 S.Ct. 53 (1972).

In Shore v. Parklane Hosiery Co., 565 F.2d 815 (2nd Cir. 1977), the plaintiff was denied his right to a jury trial because the Court found that he had an equitable claim, involving the same facts, pending in another court, and failed to take affirmative steps to preserve his right to a jury trial. The Court concluded that Shore waived his right to trial because he failed to file a motion to expedite the action on his legal claims.

Plaintiff has demanded a jury trial on his legal claims and does not want to lose his right like the plaintiff did in Shore.

RELIEF

Wherefore plaintiff urges the court to expedite the action to protect the plaintiff's right to a trial by the jury.

Respectfully submitted on this 1 day of September, 2004.

Aaron Northrop
Reg. No. 61713-080
USP Victorville
P.O. Box 5500
Adelanto, CA 92301

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this motion to expedite the action was mailed, postage prepaid, to defendant Richard Cramer at 449 Silas Deane Highway, Wethersfield, Connecticut 06109-2120, and defendant Elton Williams at Updike, Kelly & Spellacy, P.C., One Century Tower, 265 Church Street, New Haven, Connecticut 06510-7002 on this __1__ day of September, 2004.

Aaron Northrop
Reg. No. 61713-080
USP Victorville
P.O. Box 5500
Adelanto, CA 92301