UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
AARON BEN NORTHROP,

      Plaintiff,

v.

ELTON WILLIAMS and
RICHARD CRAMER,

      Defendants.
------------------------------------------------------x

Civil Action No. 3:02CV00875 (AWT)

### RULING ON MOTIONS FOR SUMMARY JUDGMENT

The plaintiff brings this action claiming that the defendants provided ineffective assistance to him as his court-appointed defense lawyers when he was prosecuted for multiple felony narcotics violations. Specifically, he claims that the defendants failed to provide him with adequate information upon which to base his decision to enter a guilty plea, and thus induced him to involuntarily plead guilty to engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848. The defendants have moved for summary judgment, arguing that the plaintiff's claims are barred by the doctrine of collateral estoppel. For the reasons set forth below, the defendants' motions are being granted.

### I. Background

On March 11, 1993, after three days of trial during which the government presented twenty-five witnesses and offered approximately 280 pounds of marijuana into evidence, the

plaintiff entered a plea of guilty to conspiracy to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; making and possessing a bomb, in violation of 26 U.S.C. §§ 5861(c) and (f); and using interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958. See Northrop v. United States, 1998 U.S. Dist. LEXIS 677, at *1 (D. Conn. Jan. 14, 1998). On October 25, 1993, he was sentenced to 600 months of incarceration on the continuing criminal enterprise count and to 120 months of incarceration on each of the other counts, to run concurrently with the 600-month sentence. Id. at *2. The plaintiff was also sentenced to three years of supervised release and ordered to pay a special assessment of $250. Id.

The plaintiff appealed. On November 1, 1994, the Court of Appeals for the Second Circuit affirmed the sentence and conviction. United States v. Northrop, 40 F.3d 1238 (2d Cir. 1994). Thereafter, in April 1997, the plaintiff filed a habeas petition in the United States District Court for the District of Connecticut (hereinafter "the Habeas Court") pursuant to 28 U.S.C. § 2255, moving to vacate, set aside or correct his sentence. Northrop, 1998 U.S. Dist. LEXIS 677, at *2. In that petition, the plaintiff claimed, inter alia, that his guilty plea was involuntarily induced and that he had ineffective assistance of counsel. Northrop, 1998 U.S. Dist. LEXIS 677, at *5.

Although the Habeas Court was not required to address the plaintiff's claims on their merits, the court elected to address the claims "in the interest of judicial economy." Northrop, 1998 U.S. Dist. LEXIS 677, at *5 n.2. The Habeas Court reviewed the entire record and the plea canvas, and on January 14, 1998, denied the plaintiff's § 2255 motion and did not issue a certificate of appealability. Id. at *21.

The plaintiff then filed an application for leave to file a second or successive § 2255 motion, which was denied on June 1, 2001. (Third Am. Compl. ¶¶ 23-24.) On June 14, 2001, the plaintiff then filed a habeas petition pursuant to 28 U.S.C. § 2241. (Id. ¶ 25.) That attempt was also unsuccessful. On June 10, 2002, the District Court dismissed that action without reaching the merits of the claim. (Id.) The plaintiff then filed the instant lawsuit.

The gravamen of the plaintiff's final, third amended complaint against the defendants is that the defendants' alleged substandard representation caused him to be ill-informed about the nature of the charges brought against him and, consequently, to involuntarily plead guilty to the continuing criminal enterprise count ("CCE"), for which he "may have no remedy to secure his release from prison." (Id. ¶¶ 11-14, 34, 40.) The plaintiff claims that the defendants fraudulently misstated the law by telling him that the Title 18 and Title 26 violations alleged in the overt acts of the § 846 conspiracy charge qualified as predicate offenses of the CCE and were being used by the government to support the CCE charge, while, according to the plaintiff, only felony violations under Title 21 can serve as predicate offenses of a CCE. (Id. ¶¶ 11-14, 22, 34.)

The plaintiff makes numerous additional allegations in support of his contention that the defendants were incompetent, such as an alleged conflict of interest. Specifically, the plaintiff claims that the defendants' first duty of loyalty was to the government because the defendants were financially compensated by the government. (Id. ¶¶ 28-30.) He claims that the defendants never discussed this conflict of interest with him, never explained the legal implications created by this conflict of interest, and never obtained a signed release from the plaintiff, the court or the United States Government waiving such conflict of interest. (Id. ¶ 28.) The plaintiff also

claims that evidence was deliberately withheld from him and that the defendants refused to locate and interview key witnesses. (Id. ¶¶ 15, 36.) In connection with these allegations, the plaintiff seeks monetary damages from the defendants in the amount of $20,000,000 each, and a trial by jury. (Id. at 14 (VI, VII).)

## II. Legal Standard

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." See Celotex Corp., 477 U.S. at 322.

When ruling on a motion for summary judgment, the court must respect the province of the jury. The court, therefore, may not try issues of fact. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987); Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975). It is well established that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge." Anderson, 477 U.S. at 255. Thus, the trial court's task is "carefully limited to discerning whether

there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248 (internal quotation marks omitted). A material fact is one that would "affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. As the court observed in Anderson, "[T]he materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Id. at 248. Thus, only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted. When confronted with an asserted factual dispute, the court must examine the elements of the claims and defenses at issue on the motion to determine whether a resolution of that dispute could affect the disposition of any of those claims or defenses. Immaterial or minor facts will not prevent summary judgment. See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in its favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Del. & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)). Because credibility is not an issue on summary judgment, the nonmovant's evidence must be accepted as true for purposes of

the motion. Nonetheless, the inferences drawn in favor of the nonmovant must be supported by evidence. "[M]ere speculation and conjecture" is insufficient to defeat a motion for summary judgment. Stern v. Trs. of Columbia Univ., 131 F.3d 305, 315 (2d Cir. 1997) (quoting W. World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990)). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position" will be insufficient; there must be evidence on which a jury could "reasonably find" for the nonmovant. Anderson, 477 U.S. at 252.

Finally, the nonmoving party cannot simply rest on the allegations in its pleadings since the essence of summary judgment is to go beyond the pleadings to determine if a genuine issue of material fact exists. See Celotex Corp., 477 U.S. at 324. "Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact," Weinstock, 224 F.3d at 41, if the movant demonstrates an absence of such issues, a limited burden of production shifts to the nonmovant, which must "demonstrate more than some metaphysical doubt as to the material facts, . . . [and] must come forward with specific facts showing that there is a genuine issue for trial." Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993) (quotation marks, citations and emphasis omitted). Furthermore, "unsupported allegations do not create a material issue of fact." Weinstock, 224 F.3d at 41. If the nonmovant fails to meet this burden, summary judgment should be granted. The question then becomes whether there is sufficient evidence to reasonably expect that a jury could return a verdict in favor of the nonmoving party. See Anderson, 477 U.S. at 248, 251.

## III. Discussion

Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding, thereby conserving judicial resources and protecting parties from the expense and vexation of multiple lawsuits. Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286-88 (2d Cir. 2002); Purdy v. Zeldes, Needle & Cooper, 337 F.3d 253, 258 (2d Cir. 2003). "[C]ollateral estoppel applies when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Purdy, 337 F.3d at 258 (citing Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 91 (2d Cir. 1997)). However, because the doctrine of collateral estoppel places termination of litigation ahead of guaranteeing the correct result, it is applicable only where the circumstances indicate that the issue precluded was thoroughly explored in the prior proceeding, and that the resulting judgment thus has some indicia of correctness. Hernandez v. Wells, 2003 U.S. Dist. LEXIS 21146, at *16 (S.D.N.Y Nov. 18, 2003) (citing Johnson v. Watkins, 101 F.3d 792, 795 (2d Cir. 1996)).

In this case, the defendants argue that the plaintiff is collaterally estopped from relitigating the reasonableness of their legal services and the voluntariness of his guilty plea because these issues were actually and necessarily determined by the Habeas Court in its decision denying the plaintiff's petition. The plaintiff does not dispute that these issues were raised in the prior habeas proceeding, but he contends that he should not be precluded from relitigating them because some of the facts presented in his Third Amended Complaint were not presented to or considered by the

Habeas Court. Therefore, under the "new" circumstances of this case, the doctrine of collateral estoppel would be inapplicable. (Doc # 77 at 2-3.) The court finds the plaintiff's argument unpersuasive.

As noted above, although the Habeas Court was not required to, it addressed each of the plaintiff's claims on its merits. The Habeas Court reviewed the entire record and the plea canvas. As to the plaintiff's claim that his guilty plea was not voluntary and was induced by unkept promises, the Habeas Court determined the following:

> Northrop was asked numerous questions concerning, inter alia, his desire to plead guilty, his awareness of his rights to present evidence and cross-examine witnesses, his awareness of the charges against him, and whether he had the opportunity to discuss fully those charges with his lawyers. In response to the court's question concerning predictions or promises that were made to him by the prosecutor or by his lawyers about his sentence, Northrop stated that no such promises had been made. Furthermore, the record indicates that the court, based on its lengthy and thorough canvas of the defendant, found that Northrop was competent to enter his guilty plea and that the guilty plea was entered into voluntarily and without any coercion or duress. Therefore, on the face of this record, Northrop's contentions that he was induced into changing his plea to guilty are wholly incredible.

Northrop, 1998 U.S. Dist. LEXIS 677, at *9 (citations and internal quotation marks omitted).

Likewise, as to the plaintiff's claim of ineffective assistance of counsel, the Habeas Court determined the following:

> Nothing in the record supports Northrop's allegations of ineffective assistance of counsel. The court appointed two experienced criminal trial lawyers to represent Northrop at trial. Attorneys Elton Williams and Richard S. Cramer did an admirable and competent job on Northrop's behalf. They carefully investigated the case, filed numerous pre-trial motions, and, during the four days of trial, thoroughly cross-examined government witnesses and timely objected to questions asked and to evidence introduced by the Government. Furthermore, Northrop's statements during his guilty plea and his presence in court for four days of the government's case

strongly undermines his claim that his lawyers failed to provide him with adequate information on which to base his decision to plead guilty.

Northrop, 1998 U.S. Dist. LEXIS 677, at *11-*12.

Although not explicitly addressed, necessary to support the Habeas Court's conclusions was a determination that neither the prosecutor nor the canvassing judge nor the defendants defrauded the plaintiff into entering into an unintelligent or an involuntary plea. In fact, absent a determination that the plaintiff's guilty plea was knowing and voluntary, a valid judgment could not have been entered. See Meehan v. Town of East Lyme, 919 F. Supp. 80, 85 (D. Conn. 1996) (citing Putnam Resources v. Frenkel & Co. Inc., 1995 Conn. Super. LEXIS 1997, No. CV123838S, 1995 WL 416194, at *4 (Conn. Super. Ct. July 10, 1995) ("An issue may be actually decided even if it is not explicitly decided, for it may have constituted, logically or practically, a necessary component of the decision reached.")). See also Gavlak v. Town of Somers, 267 F. Supp. 2d 214, 227 (D. Conn. 2003) ("An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered."). Therefore, what the plaintiff portrays as "new" issues are issues that arose from the same facts that were presented to, and were decided by, the Habeas Court. Accordingly, the defendants' motions for summary judgment should be granted.

## IV. Conclusion

For the reasons set forth above, Defendant Williams' Motion for Summary Judgment (Doc. # 65) and Defendant Cramer's Motion for Summary Judgment (Doc. # 70) are each hereby GRANTED.

It is so ordered.

Dated this 30th day of March 2005, in Hartford, Connecticut.

                                                  Alvin W. Thompson
                                                  United States District Judge